[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12, 2007
THOMAS K. KAHN
CLERK

No. 06-11109

_____

D. C. Docket No. 04-00254 CR-5-1

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

RENATO JIMINEZ,
a.k.a. RJ,
a.k.a. Andrea,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 12, 2007)**

Before DUBINA and COX, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

_____

*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

Appellant Renato Jiminez was charged by a federal grand jury with conspiracy to possess with the intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. § 846, and attempt to possess with the intent to distribute at least 500 grams of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(b)(1)(B)(ii). After a five-day trial, Jiminez was found guilty on both counts.

After a two-day sentencing hearing the district court sentenced Jiminez to 120 months of imprisonment on each count, to be served concurrently. Jiminez then perfected this appeal.

Jiminez presents the following issues for appellate review:

1. Whether the district court properly denied Jiminez's request to instruct the jury on multiple conspiracies, and whether the court abused its discretion in denying a requested instruction that the purchase of small drug quantities to share with other people does not establish participation in a drug conspiracy.

2. Whether the district court clearly erred in finding that the prosecutors' communications with Santacruz were entirely appropriate and did not violate Jiminez's rights.

3. Whether the district court committed plain error by excluding the affidavit of co-defendant Santacruz as inadmissible hearsay.

4.  Whether the district court abused its discretion in admitting evidence showing Jiminez's involvement in the charged offenses, or in admitting the expert testimony of Special Agent Hadaway and Interpreter Castillo.

5.  Whether the district court committed clear error in calculating the quantities of drugs attributable to Jiminez under the Sentencing Guidelines, and correctly applied the Sentencing Guidelines to these factual findings.

6.  Whether the district court's application of the Sentencing Guidelines violated the Sixth Amendment under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

7.  Whether the district court properly imposed sentence after considering the 18 U.S.C. § 3553 factors.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Jiminez makes on appeal.  Accordingly, we affirm his convictions and sentences.

**AFFIRMED.**